**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No.  06-102 (JDB)** |
| **ZION CLARKE,** | |
| **RICARDO DE FOUR,** | |
| **KEVON DEMERIEUX,** | |
| **ANDERSON STRAKER,** | |
| **WAYNE PIERRE,** | |
| **CHRISTOPHER SEALEY, and** | |
| **KEVIN NIXON,** | |
| **Defendants.** | |

**JURY INSTRUCTIONS AND VERDICT FORM**

**INSTRUCTIONS**

**PREAMBLE**

Ladies and Gentlemen, the time has now come when all of the evidence is in and you have heard the closing arguments of the lawyers. It is now up to me to instruct you on the law that should control your deliberations in this case. My instructions will be roughly divided into four parts. First, I will talk with you about some general principles of the law. Second, I will instruct you on evaluating the evidence. Third, I will discuss with you instructions that apply to the elements of the particular offenses charged in this case. Finally, I will have some closing remarks about your deliberations in this matter.

For those of you taking notes, I want to let you know that a written copy of these instructions will be available for you as you start your deliberations.

Let me begin with some general principles. First, I am sure you understand by now that the jury and the court -- you and I -- have quite different responsibilities in a trial.

**GENERAL INSTRUCTIONS**

**Instruction 2.01**

**FUNCTION OF THE COURT**


My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction 2.02**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2.03**

**JURY'S RECOLLECTION CONTROLS**


If any reference by me or the attorneys to the evidence is different from your own memory

of the evidence, it is your memory that should control during your deliberations.

**Instructions 1.04 and 2.04**

**EVIDENCE IN THE CASE**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts and testimony stipulated to by the parties, and video depositions.

During the trial, you were told that the parties had stipulated -- that is, agreed -- to certain facts. You should consider any stipulation of fact to be undisputed evidence.

A deposition is the sworn testimony given by a witness before or during the trial outside the courtroom. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The questions and answers are recorded by a court reporter. You may consider deposition testimony in the same way you would consider testimony actually given in court.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 2.05**

**STATEMENTS OF COUNSEL**


The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

## COMMUNICATIONS AMONG DEFENDANTS' COUNSEL
## AND DUTY OF DEFENSE COUNSEL

At times throughout the trial you have heard one defense attorney ask questions regarding a defendant other than his client and to make various objections and argument on behalf of a defendant not his client. Every criminal defendant in every criminal case is entitled to effective assistance of counsel.  Effective assistance of counsel includes the right to confront any person who takes the witness stand and testifies for the prosecution. Whether or not to cross-examine any witness is a matter of strategic choice to be made by counsel for each defendant. You may not take any negative inference from any defendant's decision to cross-examine or to refrain from cross examination of any witness.

In addition, you may also have noted throughout the trial that counsel for the defendants have consulted with each other and may have divided tasks to expedite the case and minimize duplication. In a case of this length, it is natural for defense counsel to cooperate and consult with one another. These circumstances do not mean that you should regard the defendants as one person or entity.  Each defendant is entitled to your separate consideration.

**Instruction 1.07**

**QUESTION NOT EVIDENCE**


    Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence.  Whether or not something is in evidence depends on the witness's answer to the lawyer's question.

**Instruction 2.06**

**INDICTMENT NOT EVIDENCE**


The indictment is merely the formal way of accusing a person of a crime.  You must not consider the indictment as evidence of any kind--you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Instruction 2.07**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**EVIDENCE CONCERNING CERTIFICATE OF NATURALIZATION AND PASSPORT**

Several objections arose during the trial concerning evidence of the certificate of naturalization issued to Balram Maharaj, his passports, and his applications for passports. After considering those objections, I have stricken the passport issued to Balram Maharaj on April 10, 1995 -- the documents admitted as Government Exhibits 302 and 320. The other passport, issued on September 28, 2000 (Government Exhibits 306 and 321), remains in evidence.

The documentation concerning the passport applications for Balram Maharaj and his son Dinesh -- Government Exhibit 303-A through F and Government Exhibit 305-A through J -- are to be considered by you for the limited purpose of determining whether the Department of State received and granted Maharaj's applications for passports. You may not consider those exhibits as evidence that the statements made by Maharaj in those applications are true. A valid U.S. passport, a validly-issued U.S. passport and a certificate of naturalization may each be considered by you as evidence that the person to whom it was issued is a citizen of the United States.

**Instruction 2.08**

**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with each defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which a defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find a defendant not guilty of that offense.

**Instruction 2.09**

**REASONABLE DOUBT**

As I have said several times, the government has the burden of proving a defendant guilty beyond a reasonable doubt as to each count or charge against him. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. Reasonable doubt, as the name implies, is a doubt based on reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that a defendant is guilty of the crime charged, it is your duty to find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Instruction 2.13**

**NUMBER OF WITNESSES**


The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**EVALUATING TESTIMONY AND EVIDENCE**

**Instruction 2.10**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case--direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. If a person looked out a window and saw that snow was falling, he would be an eyewitness to the fact that snow was falling; if he later testified in court that he had seen snow falling, his testimony would be direct evidence of the fact that snow was falling at the time he saw it happen. However, if he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up, it would be a reasonable inference that it had snowed while he was asleep. His testimony about those observations would be circumstantial evidence.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it be direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction 2.11**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against a defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or

unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 1.08**

**EXPERT TESTIMONY**

Ordinarily, a witness may not testify as to his/her opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions and the reasons for them because they have become expert in some art, science, profession, or calling.

In this case, the court has permitted Dr. Hughvon Elroy Des Vignes to testify as an expert in the field of forensic pathology, FBI Special Agent Scott Hahn to testify as an expert in the field of forensic dentistry, FBI latent fingerprint examiner Dawn Schilens to testify as an expert in the field of fingerprints and Dr. Jonathan Arden to testify as an expert in the field of forensic pathology and injury analysis. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**Instruction 1.10**

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS**


The law treats prior inconsistent statements differently depending on the circumstances in which they were made.  I will now explain how you should evaluate those statements.

You have heard evidence that Winston Gittens, Russel Joseph, Jason Percival, Leon Nurse, Ricardo DeFour and Anderson Straker made a statement on an earlier occasion and that this statement may be inconsistent with his testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You also have heard evidence that Winston Gittens, Russel Joseph, Jason Percival and Sgt. Wendell Lucas made an earlier statement under oath, subject to the penalty of perjury, at a prior proceeding or in the grand jury and that this statement may be inconsistent with his testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. However, unlike statements not made under oath, you also may consider the earlier statement as evidence that what was said in the earlier statement was true.

**Instruction 1.11**

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS**


You have heard evidence that Winston Gittens, Russel Joseph and Jason Percival made a statement on an earlier occasion and that this statement may be consistent with his testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the credibility of the witness and as evidence in this case. In other words, if you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency both in judging the credibility of the witness here at trial and as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**Instruction 1.12**

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME - WITNESS**


You have heard evidence that Winston Gittens and Tyrone Carter have been convicted of a crime. You may consider this conviction only in evaluating the credibility of that witness's testimony in this case.

**TESTIMONY REGARDING PLEAS ENTERED INTO BY WITNESSES**

**Instruction 2.22--ALLEGED PARTICIPANT'S TESTIMONY**


You have heard testimony from Russel Joseph, Leon Nurse, Jason Percival and Winston Gittens.  Under their plea agreements, these individuals have pled guilty to conspiracy to commit hostage taking resulting in death and hostage taking resulting in death.  In some instances, evidence of their guilty pleas has been introduced in the form of a written plea agreement or transcript of a court proceeding.  You may not infer that simply because these witnesses pled guilty to these charges, that the existence of a conspiracy that is at issue in this trial has been proven as to defendants on trial before you.  The guilty pleas of those witnesses were based on the facts and circumstances of their own cases.  The fact that a witness has entered a guilty plea is not to be considered by you as evidence against any of the persons currently on trial.

The government is permitted to use a witness who testifies that he participated in the offenses charged against the defendants, although the testimony of such a witness should be considered with caution.  You should give his testimony as much weight as in your judgment it deserves.

**Instruction 1.12A--IMPEACHMENT BY PROOF OF PENDING CASE, PROBATION OR PAROLE--WITNESS**

**Instruction 2.22A--WITNESS WITH A PLEA AGREEMENT**

You have heard evidence that Russel Joseph, Leon Nurse, Jason Percival and Winston Gittens are awaiting sentence for their participation in the offenses charged against defendants.  You may consider this evidence when deciding whether the witness has a bias in favor of one of the parties that may affect his willingness to tell the truth.

You have also heard evidence that Joseph, Nurse, Percival and Gittens entered into plea agreements with the government pursuant to which each of them agreed to testify truthfully in this case and that the government agreed to bring their cooperation to the attention of the sentencing court and consider filing papers which would permit the judge to impose a more lenient sentence than would otherwise be possible.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict a defendant on the basis of this testimony alone, if it convinces you of a defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

**Instruction 2.26**

**LAW ENFORCEMENT OFFICER'S TESTIMONY**


A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a law enforcement officer.

**Instruction 2.27**

**RIGHT OF DEFENDANT NOT TO TESTIFY**

Every defendant in a criminal case has an absolute right not to testify.  Defendants Zion Clarke, Kevon Demerieux, Kevin Nixon, Wayne Pierre, and Christopher Sealey have each chosen to exercise this right.  You must not hold this decision against any of them, and it would be improper for you to speculate as to the reason or reasons for any defendant's decision.  You must not assume or make any inference that a defendant is guilty because he chose not to testify, and I, therefore, instruct you not to do so.

**Instruction 2.28**

**DEFENDANT AS WITNESS**

A defendant has a right to become a witness in his own behalf.  In this case, defendants Ricardo DeFour and Anderson Straker have exercised that right.  Their testimony should not be disbelieved merely because they are defendants.  In evaluating their testimony, however, you may consider the fact that each defendant has a vital interest in the outcome of this trial.  As with the testimony of any other witness, you should give each defendant's testimony as much weight as in your judgment it deserves.

**Instruction 2.29**

**FALSE OR INCONSISTENT STATEMENT BY DEFENDANT**


You have heard evidence that defendants Zion Clarke, Kevon Demerieux and Anderson Straker may have made false or inconsistent statements in explanation of his actions. It is up to you to decide whether a defendant made the statements, and whether they were, in fact, false or inconsistent. If you find that a defendant did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that he may have given such statements for reasons consistent with his innocence.

If you find that a defendant made a false or inconsistent statement in explanation of his actions, you should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**Instruction 2.30**

**TRANSCRIPTS OF TAPE RECORDINGS**


Recordings of conversations identified by witnesses have been received in evidence. Transcripts of these recorded conversations are being furnished for your convenience and guidance as you listen to the tapes to clarify portions of the tape which are difficult to hear, and to help you identify speakers. The recordings, however, are the evidence in the case; the transcripts are not. If you notice any difference between the transcripts and the recordings, you must rely only on the recordings and not the transcripts. In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcripts as far as those words are concerned.

**Instruction 2.42**

**CHARACTER AND REPUTATION OF DEFENDANT**

Defendants Anderson Straker, Ricardo DeFour and Zion Clarke have each introduced testimony that he has a good reputation in the community for peacefulness or truthfulness or that in the witness's opinion, the defendant is a peaceful, law abiding or truthful person.  Such evidence may indicate to you that it is unlikely that a peaceful, law abiding or truthful person would commit the crimes charged or testify untruthfully.  You should consider this evidence along with other evidence in the case in determining the guilt or innocence of each defendant, and should give it such weight as in your judgment it is fairly entitled to receive.

Notwithstanding this character evidence, it is your duty to convict if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crimes charged.  On the other hand, the circumstances may be such that evidence of good character may alone create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.  If you have a reasonable doubt as to the defendant's guilt, you must find him not guilty.

**Instruction 2.43**

**CROSS-EXAMINATION OF CHARACTER WITNESS**


These character witnesses were questioned regarding previous prior acts of the defendants. These questions were permitted only to test the basis for and reliability of the witness's testimony. They do not establish that those events took place or that any defendant committed the offense charged in this case, or that he is a person of bad character.

**Instruction 2.47**

**ATTEMPTED BRIBERY, COERCION OR INTIMIDATION OF WITNESS**


You have heard evidence that defendant Anderson Straker attempted to persuade Jason Percival to testify falsely.  It is up to you to decide if he attempted to persuade Percival to testify and if such testimony would have been false.  If you find he did so, you may consider this evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt.  On the other hand, you may also consider that he may have attempted to persuade Percival for reasons fully consistent with innocence in this case.

If you find that Straker attempted to persuade Percival to testify falsely, you should consider this evidence along with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**Instruction 2.48**

**STATEMENTS OF THE DEFENDANT--SUBSTANTIVE EVIDENCE**

You have heard evidence that defendants Zion Clarke, Ricardo DeFour, Kevon Demerieux, Christopher Sealey, and Anderson Straker made statements to law enforcement about the crimes charged. You should consider all the circumstances in deciding whether each defendant made the statement. If you find that he did make the statement, you must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all of the conversations between him and the police. You may consider whether the police warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; and who was present during some or all of the questioning of the defendant. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

**Instruction 2.49**

**DEFENDANT'S STATEMENTS - CORROBORATION**

A defendant cannot be convicted solely on his own statements concerning the elements of the offense that he made out of court. Therefore, you must not consider the statements allegedly made by a defendant unless you find that there is substantial independent evidence that tends to establish the reliability of his statements. This supporting evidence may be direct or circumstantial or both.

You must find a defendant not guilty, unless the independent evidence and a defendant's statements, taken as a whole, establish each of the elements of the offense beyond a reasonable doubt.

## OTHER CRIMES EVIDENCE

You have heard evidence that some of the defendants engaged in other hostage takings not charged in the indictment.  It is up to you to decide whether to accept this evidence.

Specifically, the government presented evidence that defendants Wayne Pierre, Ricardo DeFour and Zion Clarke were involved in the hostage taking of Dexter Jagdeo which began on Thursday, December 16, 2004.  The government also presented evidence that defendants Ricardo DeFour and Wayne Pierre were involved in the hostage taking of Robin Ramadar which began on Friday, March 4, 2005.  The government also presented evidence that defendants Wayne Pierre, Ricardo DeFour and Zion Clarke were involved in the hostage taking of Sita Roogananan which began on Tuesday, June 21, 2005.

If you decide that a particular defendant was involved in another hostage taking, consider that evidence only for the limited purposes that I am about to describe.  This evidence is to be considered only against those defendants that you find were involved.  If I did not name a particular defendant or you find that a defendant was not involved, then you are not to consider the evidence against him. You may consider the evidence to inform you of the background of the conspiracy charged in this case, and to help you decide whether there was a relationship between the defendants that you find were involved and the other cooperating co-conspirators involved in the hostage taking of Balram Maharaj.  You may also consider this evidence in determining whether any of the defendants that you find were involved had motive, intent, knowledge, or a plan to commit the offenses charged in the indictment in this case, and to decide whether any of these defendants joined the conspiracy charged in the indictment inadvertently as the result of an accident or mistake.

It is up to you to decide whether to accept this evidence.  If you decide not to accept it, then

ignore it.  If you decide to accept it, you may only use it for the purposes that I have mentioned and only against the defendants that you find were involved.  You may not consider this evidence to conclude that a defendant has a bad character, or that a defendant has a criminal personality, or that it is more likely that, because he may have engaged in other acts or committed other offenses, he committed the offenses charged in the indictment in this case.  The law does not allow you to convict a defendant simply because you believe that he may have done bad things not specifically charged as crimes in this case.  These defendants are on trial for the crimes charged, and you may not consider this evidence in deciding whether the government has proved that any of the defendants that you find were involved committed the acts constituting the charged offenses, and you may not conclude from this evidence that because a defendant may have committed other offenses he also committed the acts charged in the indictment.

**Instruction 2.54**

**MULTIPLE DEFENDANTS--MULTIPLE COUNTS**


Each *count* of the indictment charges a separate offense. Moreover, each *defendant* is entitled to have the issue of his guilt as to each of the crimes for which he is on trial determined from his own conduct and from the evidence that applies to him as if he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find any one or more of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

## "MISSING" CO-DEFENDANTS/CO-CONSPIRATORS

The fact that some of the people who may have been involved in these events are not defendants here does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. That other persons may have been involved in this case and are not being tried here should not be considered by you, nor play any role in your deliberations as to the guilt or innocence of the defendants.

**Instruction 2.55**

**EVIDENCE ADMITTED AGAINST ONE DEFENDANT ONLY**

Each statement of a defendant was admitted only with respect to that defendant himself, and it was not admitted against the other defendants. You may consider such evidence only with respect to the particular defendant who made the statement. You must not consider it in any way in your deliberations with respect to the other defendants.

**Instruction 2.70**

**REDACTED DOCUMENTS AND TAPES**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

**Instruction 2.14**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## SUMMARY WITNESS TESTIMONY

The testimony of Christopher Wright, which summarized various pieces of documentary evidence related to phone records, has been received for the sole purpose of explaining facts disclosed by other documents admitted as evidence in the case. The summary testimony is not, in and of itself, proof of any facts. The summary testimony is provided only as a matter of convenience. If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should disregard this summary testimony.

## CHARTS AND SUMMARIES

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case. Those charts or summaries are for your convenience. They are not themselves evidence or proof of any facts. You should determine the facts from the evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence, and you should give them only such weight as you think they deserve. If you find that a chart or summary does not correctly reflect the facts shown by the evidence you have heard in this case, then you should disregard the chart or summary.

## THE CHARGED OFFENSES

Ladies and gentlemen, you have heard during the course of this trial some evidence relating to Dinesh Maharaj, Balram Maharaj's son.  You may, of course, consider all of the evidence on the issues that are before you.  But I do advise you at this time that the government is now proceeding only on the charged offenses relating to the hostage taking of Balram Maharaj, and not on the basis of any charged offense relating to Dinesh Maharaj.

**Instruction 4.93**

**CONSPIRACY**

Each of the defendants is charged with two counts under federal statutes. Each defendant is charged in Count One of the indictment with conspiracy to commit hostage taking resulting in death. This is a separate charge from hostage taking resulting in death, with which each defendant is charged in Count Two. I will now instruct you on the offense of conspiracy to commit hostage taking resulting in death and also on the lesser included offense of conspiracy to commit hostage taking. After I give you the elements of these crimes, I will tell you in what order you should consider the offenses.

<u>Conspiracy to Commit Hostage Taking Resulting in Death</u>

In Count One, each defendant is charged with conspiring with one or more other persons to seize and detain and threaten to kill, to injure, or to continue to detain Balram Maharaj in order to compel a third person to pay ransom as an explicit or implicit condition of his release, and further that the death of Balram Maharaj resulted from this conspiracy. It is against the law to agree with someone to commit the crime of hostage taking resulting in death. The crime of hostage taking resulting in death has seven elements, which I will discuss in more detail later:

      -- the victim must be a United States national, which includes any citizen of the United States;

      -- the victim must be seized or detained;

      -- while seized or detained, the victim must be threatened with death, injury, or continued detention;

      -- the seizure or detention, and a threat to kill, injure, or continue to detain the victim, must be for the purpose of compelling a third party

-48-

to pay ransom money as an explicit or implicit condition of his release;

-- the hostage taking, in fact, caused the victim's death;

-- the defendant committed the act of seizing or detaining the victim,

or caused those acts to be done, or aided and abetted the doing of those

acts; and

-- the defendant acted intentionally, deliberately, and knowingly, that

is, not by accident, inadvertence or mistake.

The government is not required to prove that the objective of the conspiracy was achieved. To find

a defendant guilty of the crime of conspiracy to commit hostage taking resulting in death, you must

be convinced that the government has proved each of the following elements, beyond a reasonable

doubt:

First, that between on or about February 1, 2005, and April 15, 2005, an agreement existed

between two or more people to commit the crime of hostage taking. This does not have to be a

formal agreement or plan, in which everyone involved sat down together and worked out the details.

On the other hand, merely because people get together and talk about common interests or do similar

things does not necessarily show that an agreement exists to commit the crime of hostage taking. It

is enough that the government proves beyond a reasonable doubt that there was a common

understanding among those who were involved to commit the crime of hostage taking. So, the first

thing that must be shown is the existence of an agreement.

In addition to finding an agreement between two or more people, you must all agree that at

some point between about February 1, 2005 and April 15, 2005, this agreement had as its object to

obtain money belonging to Balram Maharaj by detaining him and threatening to detain him in order

to compel a third person to pay ransom for his release.

The government is not required to prove that the defendants knew that the intended victim was a United States national.  It is sufficient if the government proves beyond a reasonable doubt that the intended victim was, in fact, a United States national.

Second, the government must prove that a defendant intentionally, knowingly, and voluntarily joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if a defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that a defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make a defendant part of the conspiracy. So the second thing that must be shown is that the defendant was part of the conspiracy.

The government is not required to prove that a defendant, or any alleged conspirator, committed an act in furtherance of the conspiracy. The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement. Proof of an overt act is not an element of the charge of conspiring to take hostages even though you may have heard references to such acts during the course of the trial.  The government must prove beyond a reasonable doubt the existence of the conspiracy itself and a defendant's knowing and

willful participation in it.

Third, the government must prove beyond a reasonable doubt that Balram Maharaj's death, in fact, resulted from the conspiracy -- that is, that the conspiracy to commit hostage taking, in fact, caused the victim's death. The government is not, however, required to prove that a defendant, or any other participant in the conspiracy, intended that the death of Balram Maharaj would result from the conspiracy. It is not necessary to find his death was intended as part of the original plan, only that his death was, in fact, caused by the conspiracy.

As you consider the evidence, bear in mind that a conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case. In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether each defendant became a member of that conspiracy, you may consider only the acts and statements of that defendant.

In summary, a conspiracy is a kind of partnership in crime. For a defendant to be convicted of the crime of conspiracy to commit hostage taking resulting in death, the government must prove three things beyond a reasonable doubt: first, that from on or about February 1, 2005 through April 15, 2005, there was an agreement to commit the crime of hostage taking as to Balram Maharaj; second, that the defendant intentionally, knowingly, and voluntarily joined in that agreement; and third, that Balram Maharaj's death, in fact, resulted from the conspiracy -- that is, that the conspiracy to commit hostage taking caused the victim's death.

## Lesser Included Offense: Conspiracy to Commit Hostage Taking

As I mentioned earlier, the related offense of conspiracy to commit hostage taking is what we call a lesser included offense of conspiracy to commit hostage taking resulting in death. I will now instruct you on this lesser included offense. The essential elements of the offense of conspiracy to commit hostage taking are the first two elements that I described for conspiracy to commit hostage taking resulting in death -- in short, the existence of an agreement to commit hostage taking, and defendant's intentional joining in that agreement -- but excluding the third element -- the death of a hostage. In other words, for the defendant to be convicted of the crime of conspiracy to commit hostage taking, the government must prove beyond a reasonable doubt: first, that from on or about February 1, 2005 through April 15, 2005, there was an agreement to commit the crime of hostage taking as to Balram Maharaj; and second, that the defendant intentionally, knowingly, and voluntarily joined in that agreement, as I instructed you moments ago. Proof that Balram Maharaj died is not required.

## Order of Considering the Charges

Each offense listed on the verdict form should be considered separately. You should consider first whether a defendant is guilty of conspiracy to commit hostage taking resulting in death. If you find such defendant guilty of conspiracy to commit hostage taking resulting in death, do not go on to the charge of conspiracy to commit hostage taking for that defendant. Only if you find a defendant not guilty of conspiracy to commit hostage taking resulting in death should you go on to consider the charge of conspiracy to commit hostage taking for that defendant.

## HOSTAGE TAKING RESULTING IN DEATH

Count Two of the indictment charges each defendant with the hostage taking of Balram Maharaj and that Balram Maharaj died as a result of the hostage taking.  I will now instruct you on the offense of hostage taking resulting in death, and also on the lesser included offense of hostage taking.  After I give you the elements of these crimes, I will tell you in what order you should consider them.

The essential elements of the offense of hostage taking resulting in death, each of which the government must prove beyond a reasonable doubt, are:

First, that Balram Maharaj was a United States national during the relevant time in April 2005.  A " United States national" includes any citizen of the United States.  A valid U.S. passport, a validly-issued U.S. passport and a certificate of naturalization may each be considered by you as evidence that the person to whom it was issued is a citizen of the United States.

Second, that between on or about April 6, 2005, and on or about April 14, 2005, Balram Maharaj was seized and detained.  A seizure or detention consists of holding or confining another person against his or her will.

Third, that while seized or detained, Balram Maharaj was threatened with death, injury, or continued detention.  In this connection, it is not necessary that the threat be communicated to the intended victim, but only that it be communicated to someone.

Fourth, that Balram Maharaj was seized and detained, and his death, injury or continued detention was threatened, in order to compel the family of Balram Maharaj, or any member thereof, to do certain acts, namely to pay money, as an explicit or implicit condition for the release of Balram Maharaj.

Fifth, that the death of Balram Maharaj resulted from the hostage taking -- that is, that the hostage taking, in fact, caused, or, in other words, brought about the death of Balram Maharaj.

Sixth, that the defendant either himself committed those acts – seizing or detaining Balram Maharaj – or caused those acts to be done, or aided and abetted the doing of those acts.

Finally, that the defendant acted intentionally, deliberately, and knowingly – that is, not by accident, inadvertence, or mistake.

In a moment, I will instruct you on consideration of Count Two with regard to the requirements for finding that a defendant aided and abetted the offense of hostage taking resulting in death, or willfully caused an act to be done by another person.

## HOSTAGE TAKING

As I mentioned earlier, the offense of hostage taking is what we call a lesser included offense of hostage taking resulting in death.  The essential elements of the offense of hostage taking, each of which the government must prove beyond a reasonable doubt, are:

First, that Balram Maharaj was a United States national during the relevant time in April 2005.  A "United States national" includes any citizen of the United States.  A valid U.S. passport, a validly-issued U.S. passport and a certificate of naturalization may each be considered by you as evidence that the person to whom it was issued is a citizen of the United States.

Second, that between on or about April 6, 2005, and on or about April 14, 2005, Balram Maharaj was seized and detained.  A seizure or detention consists of holding or confining another person against his or her will.

Third, that while seized or detained, Balram Maharaj was threatened with death, injury, or continued detention.  In this connection, it is not necessary that the threat be communicated to the intended victim, but only that it be communicated to someone.

Fourth, that Balram Maharaj was seized and detained, and his death, injury or continued detention was threatened, in order to compel the family of Balram Maharaj, or any member thereof, to do certain acts, namely to pay money, as an explicit or implicit condition for the release of Balram Maharaj.

Fifth, that the defendant either himself committed those acts – seizing or detaining Balram Maharaj – or caused those acts to be done, or aided and abetted the doing of those acts.

Finally, that the defendant acted intentionally, deliberately, and knowingly – that is, not by accident, inadvertence, or mistake.

In a moment, I will instruct you on consideration of the offense of hostage taking with regard to the requirements for finding that a defendant aided and abetted the offense of hostage taking, or willfully caused an act to be done by another person.

**Instruction 4.00**

**ORDER OF CONSIDERING THE HOSTAGE TAKING CHARGES**

      Each offense listed on the verdict form should be considered separately. You should consider first whether a defendant is guilty of hostage taking resulting in death. If you find such defendant guilty of hostage taking resulting in death, do not go on to the charge of hostage taking for that defendant. Only if you find a defendant not guilty of hostage taking resulting in death should you go on to consider the charge of hostage taking for that defendant.

**Instruction 4.02**

**AIDING AND ABETTING**


You may find a defendant guilty of the crime charged in Count Two of the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt.  It is not necessary, however, that you find that the defendant actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon.  Nor must the government prove that principal offenders and the person alleged to be the aider and abettor directly communicated with each other.

I have already instructed you on the elements of the offense of hostage taking resulting in death and the lesser included offense of hostage taking.  With respect to these offenses, regardless of

-58-

whether a defendant is an aider and abettor or a principal offender, the government must prove

beyond a reasonable doubt that the defendant acted intentionally, knowingly, and voluntarily.

It is sufficient if you find beyond a reasonable doubt that the crime was committed by

someone and that the defendant knowingly and intentionally aided and abetted in committing the

crime.

**Instruction 4.05**

**WILLFULLY CAUSING AN ACT TO BE DONE**

You may find a defendant guilty of the crime charged in Count Two of the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict a defendant of the offense charged in Count Two if you find that the government has proved beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

**Instruction 3.02**

**PROOF OF STATE OF MIND**

Someone's knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer a defendant's knowledge from the surrounding circumstances.  You may consider any statement made or acts done or omitted by a defendant, and all other facts and circumstances received in evidence which indicate a defendant's knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction 3.07**

**"ON OR ABOUT" -- PROOF OF**

The indictment charges that offenses were committed "on or about" certain dates in 2005.

The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**CLOSING REMARKS**

**Instruction 2.71**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of the evidence.

**Instruction 2.72**

**UNANIMITY -- GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a

verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

**Instruction 2.73**

**EXHIBITS DURING DELIBERATIONS**


I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.74**

**POSSIBLE PUNISHMENT NOT RELEVANT**

You have heard during trial the testimony of some witnesses that, for the crime of hostage taking resulting in death, a possible punishment is death.  The defendants are not subject to the death penalty, and that is not a part of this case.

Furthermore, the question of possible punishment of each defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of conviction rests exclusively with me.  You should weigh the evidence in the case and determine the guilt or innocence of each defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

**Instruction 2.75**

**COMMUNICATIONS BETWEEN COURT AND JURY**
**DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person--not the clerk, the marshal or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter. This means, for example, that you should never tell me that the jury is divided 6 to 6, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.76**

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**


I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your copy of the instructions to me when your verdict is rendered.

**Instruction 1.02**

**NOTETAKING BY JURORS - NOTE**


During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, the clerk will collect your notebooks and pencils when you return to the courtroom. We will destroy your notes immediately after the trial. No one, including myself, will look at them.

**Instruction No. 2.77**

**VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

The form is 9 pages. It has some space for entry of your verdict on the counts charged as to each defendant. You should record your verdict on that form only after you have reached a unanimous verdict. It should then be signed and dated by the foreperson.

**Instruction 1.16**

**CAUTIONARY INSTRUCTION ON PUBLICITY**

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning the case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during your deliberations, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

**RETURNING VERDICT AND POSSIBILITY OF A POLL**

Lastly, I want to mention one or two matters before you begin your deliberations.  These concern how your verdict will be delivered.  When you have reached your verdict, just send me a note telling me you have reached a verdict, and have your foreperson sign the note.  Don't tell me what your verdict is, and do not send your verdict form out.  I will find out your verdict by asking your foreperson to provide the verdict form and state the verdict in open court after you have finished your deliberations and returned to court.

Don't be surprised when your verdict is returned if one of the parties asks that the jury be polled.  The reason for polling the jury is because each party has a right to be sure that your verdict is unanimous.  "Polling" means that after the foreperson states your verdict, I will ask each of you individually whether your verdict agrees with that announced in court. Your job is easy.  If you agree with the verdict, you should simply say "yes" when I call the number of your jury seat.  If you disagree in any way you should simply say "no."  Do not say anything other than "yes" or "no" in response to a poll of the jury, and do not say anything during the poll unless and until your seat number is called.

Ladies and Gentlemen, at this time you may retire to begin your deliberations, but before you retire I must extend my thanks and appreciation for the participation up to this point of jurors numbered _____ in seats _____ .  They were determined to be the alternate jurors in this matter, and I am required to excuse them prior to the beginning of deliberations.  I wish to thank you, and each of you may return to the jury lounge.  However, just in case something should happen that causes me to need you to resume your service as a juror in this case, I ask that you not discuss the case with anyone for the next few days, or until you learn that a verdict has been returned.  That way, we will be able to recall you if necessary.